UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CRAIG MOBAYED,

                              Petitioner,                    DECISION AND ORDER

-vs-                                                         18-CV-6393 (CJS)

McCARTHY, *Acting Superintendent,*
*Auburn Correctional Facility,*

                              Respondent.
_____

The petitioner, Craig Mobayed ("Mobayed"), brings this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pet., May 29, 2018, ECF No. 1. Mobayed challenges his conviction by plea in the New York state court on two counts of robbery in the first degree. For the reasons explained below, Mobayed's petition for a writ of habeas corpus [ECF No. 1] is denied.

## BACKGROUND

In December 2015, Mobayed was indicted on two counts of burglary in the first degree, and three counts of robbery in the first degree pursuant to N.Y. Penal Law § 160.15(4). State Record ("SR"), 47–49, Aug. 3, 2018, ECF No. 6-1. § 160.15(4) provides that "a person is guilty of robbery in the first degree when he forcibly steals property and when, in the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime . . . [d]isplays what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm . . . ." Significantly, the statute also provides that it is an affirmative defense to robbery in the first degree

1

that such "firearm was not a loaded weapon from which a shot, readily capable of producing death or other serious physical injury, could be discharged."

On March 24, 2016, Mobayed appeared with his attorney before the Wayne County Court ("trial court") for a combined plea and sentencing hearing. Transcript ("Tr."), Aug. 3, 2018, ECF No. 7-1. At the hearing, the trial court conducted the following plea colloquy with Mobayed:

> [THE COURT:] Mr. Mobayed, it is proposed that you plead guilty to Counts Two and Five of Indictment 15-108. Count Two is Robbery in the First Degree. Count Five is Robbery in the First Degree[. I]n consideration of that[,] I am going to sentence you to each charge to twelve (12) years with the Department of Corrections, five (5) years post release supervision. Those conditions are to run concurrently. Do you understand that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: I'm going to ask you about this plea, and then I'm going to move to sentencing, assuming you plead guilty. Have you had a chance to talk to [your attorney] about this?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Do you feel you have an understanding of what is happening today?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Are you under the influence of any drugs or alcohol today?
>
> THE DEFENDANT: No.
>
> THE COURT: Any medication that would affect your ability to focus or understand?
>
> THE DEFENDANT: No.
>
> THE COURT: You understand you don't have to plead guilty today?
>
> THE DEFENDANT: I understand.

2

THE COURT: You are entitled to a Jury trial, where the District Attorney's Office would have the obligation to prove every element of every crime against you, beyond a reasonable doubt; do you understand that?

THE DEFENDANT: Yes.

THE COURT: You would have the right to testify at trial. If you wish to plead guilty, you are waiving that right?

THE DEFENDANT: Yes.

THE COURT: Do you understand that a plea of guilty is the same as being found guilty after trial?

THE DEFENDANT: Yes.

THE COURT: Do you feel in any way threatened, coerced or pressured to enter into your plea today?

THE DEFENDANT: No.

THE COURT: All right. Sir, I am going to ask you about the Second Count, Robbery in the First Degree, in violation of Section 160.15, subdivision 4, of the Penal Law, that you, in the County of Wayne, on or about December 5th, 2015, at approximately 8:00 p.m., forcefully stole money from . . . . Ramzey Devrieze; and in the course of the commission of that crime, you appeared to display what was a shotgun, which this is considered a violent felony offense. Do you understand that, sir; you plead guilty to that?

THE DEFENDANT: Yes.

THE COURT: Okay. Fifth Count, Robbery in the First Degree, in violation of Section 160.15, subdivision 4, of the Penal Law, that you, in the County of Wayne, on or about December 5th, 2015, at approximately 8:10 p.m., forcibly stole money and a mobile phone from Barbara Anderson. In the course of the commission of that crime, you displayed what appeared to be a shotgun; is that true, sir?

THE DEFENDANT: Yes.

THE COURT: That's also a violent felony offense. I accept your plea as knowingly, voluntarily, and intelligently made. Other Counts of your Indictment are dismissed.

Tr. 4–6.

Following the plea colloquy, the Court took a statement from a sister of one of the victims, and then proceeded to sentencing. Mobayed admitted to being a second violent felony offender, and the trial court gave him two concurrent sentences of twelve years of imprisonment, and five years of post-release supervision. Tr. 9–10. Prior to the close of sentencing, both Mobayed and his attorney made statements to the Court. Mobayed's attorney stated:

> [I]f this case were to go to trial, and I think the Parole Board should be aware, one issue that we might have raised was that the gun was unloaded at all times, and [Mobayed] had no intention of injuring anybody. Now, that could have been an affirmative defense that might have been a lesser conviction, if believed. He's not asserting that defense at this plea. He's pleading to displaying an object that looked like a gun, and forcibly taking property from somebody, without justification, but I think the Parole Board should consider that, when, in about a decade, he makes his first appearance in front of the Parole Board.

Tr. 11–12. Thereafter, Mobayed himself added, "I hope that, the fact that I couldn't, and wouldn't have hurt her, with an unloaded gun . . . could help [the victims] recover from this." Tr. 12. The trial court then closed the proceeding.[1] Tr. 13.

On direct appeal, Mobayed argued that his conviction should be reversed because his claim that his weapon was unloaded could have been used as an affirmative defense to first degree robbery under N.Y. Penal Law § 160.15(4), and

---

[1] Additionally, the trial court had Mobayed sign an appeal waiver that the appellate court later found to be invalid. *People v. Mobayed*, 158 A.D.3d 1221, 1222 (N.Y. App. Div. 2018). This issue has no bearing on Mobayed's present petition.

therefore cast doubt upon his guilty plea. Given this doubt, Mobayed maintained on appeal that the trial court was obliged to make an additional inquiry to satisfy itself that Mobayed's plea and his waiver of the affirmative defense were knowing and voluntary. SR at 2. After considering Mobayed's argument, the New York state appellate court found, among other things, that Mobayed failed to properly preserve a challenge to the voluntariness of his plea "inasmuch as he did not move to withdraw the plea or vacate the judgment of conviction." *People v. Mobayed*, 158 A.D.3d 1221, 1222 (N.Y. App. Div. 2018). Further, the appellate court concluded that "[n]othing defendant said during the plea colloquy itself raised the possibility that the affirmative defense under Penal Law § 160.15(4) was applicable . . . and, contrary to defendant's contention, . . . the court had no duty to conduct an inquiry concerning the affirmative defense . . . ." *Id.* at 1222–1223. Mobayed's subsequent application for leave to appeal to the New York Court of Appeals was denied. SR at 35.

On May 29, 2018, Mobayed filed the instant petition *pro se*, seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court is in possession of, and has reviewed, the state record, including transcripts of the plea and sentencing hearing, Mobayed's direct appeal to the Appellate Division, and his application for leave to appeal to the New York Court of Appeals. Mobayed has not challenged the record below as inaccurate. Accordingly, the Court finds that an evidentiary hearing is not necessary in this case.

## LEGAL STANDARD

The general legal principles applicable to a habeas corpus petition pursuant to 28 U.S.C. § 2254 are well-settled. Federal courts are obliged to give deference to state

courts' decisions. *See Chrysler v. Guiney*, 806 F.3d 104, 117 (2d Cir. 2015) (citing The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214). "First, the exhaustion requirement ensures that state prisoners present their constitutional claims to the state courts in the first instance." *Jackson v. Conway*, 763 F.3d 115, 132 (2d Cir. 2014). "Should the state court reject a federal claim on procedural grounds, the procedural default doctrine bars further federal review of the claim, subject to certain well-established exceptions." *Id.* (citing *Wainwright v. Sykes*, 433 U.S. 72, 82–84 (1977)). For claims adjudicated on the merits in state court, a federal court may issue a writ of habeas corpus only when the state-court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law . . . ." *Chrysler*, 806 F.3d at 117 (quoting 28 U.S.C. § 2254(d)(1)).

## DISCUSSION

In his petition, Mobayed claims that he was deprived of his right to due process of law under the Fourteenth Amendment of the United States Constitution when the trial court learned of Mobayed's potential affirmative defense that the weapon was not loaded, yet failed to conduct an additional inquiry to verify that the plea was knowing and voluntary. Pet. at 5. In response, Respondent maintains that Mobayed's claim is procedurally barred. Resp., 8–19, Aug. 3, 2018, ECF No. 5-1. Because he is proceeding *pro se*, the Court has construed Mobayed's submissions liberally, "to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994). Nevertheless, the Court agrees with Respondent that Mobayed's claim is barred.

28 U.S.C. § 2254 requires that state prisoners seeking federal habeas review first present their constitutional claims to state courts, so that state courts are given the first opportunity to review the claims and provide necessary relief. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "This rule of comity reduces friction between the state and federal court systems by avoiding the 'unseem[liness]' of a federal district court's overturning a state court conviction without the state court's having had an opportunity to correct the constitutional violation in the first instance." *Id.* (quoting *Darr v. Burford*, 339 U.S. 200, 204 (1950)).

To satisfy § 2254's exhaustion requirement, petitioners must "invoke one complete round of the State's established appellate review process." *Galdamez v. Keane*, 394 F.3d 68, 73 (2d Cir. 2005) (internal quotation marks and citation omitted). In New York, a "complete round" of appellate review means that a petitioner "must first appeal his or her conviction to the Appellate Division, and then must seek further review of that conviction by applying to the Court of Appeals for a certificate granting leave to appeal." *Id.* at 74 (citations omitted). "The state court[s] must be fairly apprised that petitioner is raising a federal constitutional claim and of the factual and legal premises underlying the claim." *Grey v. Hoke*, 933 F.2d 117, 119–20 (2d Cir. 1991) (citations omitted). While "a state prisoner is not required to cite chapter and verse of the Constitution in order to satisfy this requirement," he must tender his claim "in terms that are likely to alert the state courts to the claim's federal nature." *Carvajal v. Artus*, 633 F.3d 95, 104 (2d Cir. 2011). *See also, Grey*, 933 F.2d at 120 (stating that state courts do not have "a duty to look for a needle in a paper

haystack") (citation omitted). Where a state prisoner fails to exhaust his or her claims, the habeas petition must be dismissed or stayed.

In addition to the exhaustion requirement, courts must consider whether the habeas petitioner has procedurally defaulted on his or her claims:

> First, if the state prisoner fails to exhaust his state remedies in a manner in which, were he to return to the state courts with his unexhausted claim, those courts would find the claim barred by the application of a state procedural rule, we must deem the claim procedurally defaulted . . . . Alternatively, a procedural default occurs if the state court's rejection of a federal claim rests on a state law ground— such as the operation of a state procedural rule—that is both independent of the federal question and adequate to support the judgment . . . .

*Jackson*, 763 F.3d at 133 (internal quotation marks and citations omitted). Such a procedural default bars habeas review "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

In the present case, Mobayed failed to "fairly present" his argument under federal law to either the appellate court, or the New York Court of Appeals. In his brief to the appellate court on direct appeal, Mobayed raised a single argument, and cited only New York law: that is, he argued that once the trial court was on notice of Mobayed's potential affirmative defense, it was required under the New York Court of Appeals' decision in *People v. Lopez*, 71 N.Y.2d 662, 666 (N.Y. 1988) to inquire into whether Mobayed was knowingly and voluntarily waiving such a defense before accepting his plea of guilty. *See* SR, ECF No. 6-1 at 8. After the appellate court affirmed the trial court's judgment, Mobayed presented that same argument in his

application for leave to appeal to the New York Court of Appeals, stating that "[t]he issue upon which leave [to appeal] is sought is set forth in [Mobayed's brief to the appellate court], which contains a detailed discussion of that issue . . . ." SR at 35.

Despite Mobayed's failure to "fairly present" his federal due process claim, the Court finds that Mobayed has met the exhaustion requirements of 28 U.S.C. § 2254(b)(1)(A) because he no longer has "remedies available" in New York state courts. Nevertheless, Mobayed has procedurally defaulted on his federal claims for habeas review because New York procedural rules now plainly bar him from attempting to raise his federal due process claim on a second direct appeal (N.Y. Crim. Proc. § 460.10), or through collateral attack (N.Y. Crim. Proc. § 440.10). *See, e.g., Jordan v. Lefevre*, 206 F.3d 196, 198–199 (2d Cir. 2001). In other words, Mobayed's forfeiture of his claim in state court acts as a procedural bar to litigating the merits of that claim in a federal habeas proceeding. *Grey*, 933 F.2d at 120. Moreover, Mobayed makes no showing of cause for his failure to present the claim in state court, or of prejudice, or of a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. Therefore, Mobayed's claim that he was denied due process of law under the Fourteenth Amendment must be dismissed without reaching the merits.[2] *Id.*

---

[2] In any event, the Court notes its agreement with Respondent that there is no merit in Mobayed's claim. In *Ames v. New York State Div. of Parole*, 772 F.2d 13 (2d Cir. 1985), the Second Circuit considered whether a state prisoner, convicted of robbery in the first degree under N.Y. Penal Law § 160.15(4) despite using a "fake pistol" during the offenses, was denied due process when the trial court did not inform him of the affirmative defense. The circuit court concluded that the prisoner was not denied due process because "due process . . . does not require that a defendant be advised of every basis on which he might escape or receive a lesser punishment for an offense that he has committed [particularly where] the burden of persuasion with respect to the appropriate defense rests on the defendant." *Ames,* 772 F.2d at 15 (quoting *Mitchell v. Scully*, 746 F.2d 951, 956–57 (2d Cir. 1984)).

CONCLUSION

Based on the foregoing, the Court finds that Mobayed's application under 28 U.S.C. § 2254 [ECF No. 1] must be denied. The Clerk of the Court is hereby ordered to close this case. Pursuant to 28 U.S.C. § 2253, the Court declines to issue a certificate of appealability, since Mobayed has not made a substantial showing of the denial of a constitutional right.  The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962).  Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated:      February 5, 2021
            Rochester, New York

ENTER:

CHARLES J. SIRAGUSA
United States District Judge